UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| RAFAEL ARROYO, | Case No. 20-CV-08219-LHK |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE** |
| v. | |
| IA LODGING SANTA CLARA, LLC, | Re: Dkt. No. 21 |
| Defendant. | |

Plaintiff Rafael Arroyo ("Plaintiff") sues Defendant IA Lodging Santa Clara, LLC ("Defendant") for violations of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et seq.*) and the Unruh Civil Rights Act ("UCRA") (Cal. Civ. Code §§ 51–53). Before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint. ECF No. 21.[1] Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss with prejudice.

**I. BACKGROUND**

---

[1] Defendant's notice of motion is paginated separately from the memorandum of points and authorities in support of the motion. ECF No. 21. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

1

Case No. 20-CV-08219-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

### A. Factual Background

Plaintiff, a California resident, is a paraplegic and uses a wheelchair for mobility. ECF No. 18 ("FAC") ¶ 1. Plaintiff claims that Defendant has violated—and continues to violate—the ADA and the UCRA. FAC ¶¶ 39–46. Specifically, Plaintiff alleges that the website of the Hyatt Regency Santa Clara ("the hotel"), which is owned and operated by Defendant, violates the ADA's Reservations Rule. 28 C.F.R. § 36.302(e)(1)(ii).

Plaintiff alleges that, in April 2021, Plaintiff was planning to visit the San Jose, California area. FAC ¶ 14. Plaintiff alleges that "[a]mong the hotels [Plaintiff] was considering and would have liked to book was the Hyatt Regency Santa Clara," which is owned and operated by Defendant. *Id.* ¶ 16. Plaintiff alleges that, on November 10, 2020, Plaintiff "went to the Hyatt Regency Santa Clara reservation website at https://www.hyatt.com/en-US/hotel/California/hyatt-regency-santa-clara/clara seeking to book an accessible room." *Id.* ¶ 17.

However, "Plaintiff found that there was insufficient data or details about the accessible guestrooms to give him the ability to independently assess whether any of the guestrooms worked for him." *Id.* ¶ 19. Specifically, Plaintiff alleges that the hotel's website listed the following as accessible hotel areas: (1) public restrooms; (2) restaurants; (3) swimming pool; (4) concierge desk; (5) public entrance; (6) fitness center/exercise facilities; (7) business center; and (8) registration desk. *Id.* Plaintiff alleges that the hotel's website listed the following as accessible hotel parking and transportation: (1) van-accessible self-parking; and (2) self-parking for cars. *Id.* Plaintiff alleges that the hotel's website listed the following as hotel areas with accessible routes from an accessible public entrance: (1) spa; (2) restaurants; (3) registration area; (4) fitness center/exercise facilities; (5) guestrooms; (6) meeting room/ballroom area; (7) business center; and (8) swimming pool. *Id.* Plaintiff alleges that the hotel's website also has an "ADA" column that lists the following features: (1) emergency strobe light and strobe light smoke detector; (2) cordless phone; (3) closed-captioned TV; (4) wide doors; (5) lowered thermostat and light switches; (6) lowered peephole and door latch; and (7) accessible bathroom. *Id.* ¶ 23. Finally, Plaintiff alleges that the hotel's website lists the following under "Accessibility for Guest Rooms

2

and Meetings": (1) assistive listening devices for meetings provided upon request; (2) accessible guest rooms with mobility features that have doorways with 32in (0.81m) of clear width; (3) text telephone TTY; (4) closed caption or closed captioning decoders for guest room televisions. *Id.* ¶ 25.

Plaintiff alleges that Plaintiff needs to know the following information about a hotel room: (1) if the door has at least 32 inches of clearance so he can get in; (2) if there is at least 30 inches width on the side of the bed so the wheelchair can pull up next to the bed for transfer; (3) if the toilet seat height is between 17 and 19 inches and has two grab bars as required by the ADA; (4) if the sink is at a height, width, and depth and has under-sink plumbing wrapped so Plaintiff can use it; and (5) what kind of shower is there, whether the shower has a seat, whether there are grab bars, whether there is a detachable hand-held wand, and that the accessories are 48 inches or lower. *Id.* ¶ 28. Plaintiff alleges that this information was not present on the hotel's website. *Id.* ¶ 32.

Plaintiff alleges that the lack of information on the hotel's website "created difficulty and discomfort for the Plaintiff and deterred him from booking a room." *Id.* ¶ 32. Plaintiff alleges that Plaintiff "will use the hotel's website reservation system to book a room and travel to the [hotel] when it has been represented to him that the hotel's website reservation system is accessible." *Id.* ¶ 35.

**B. Procedural History**

On November 23, 2020, Plaintiff filed a Complaint in the instant case. ECF No. 1. On January 19, 2021, Defendant filed a motion to dismiss Plaintiff's complaint, ECF No. 14, and a request for judicial notice, ECF No. 15. On February 10, 2021, Plaintiff filed the First Amended Complaint. ECF No. 18 ("FAC"). On February 12, 2021, the Court denied Defendant's motion to dismiss as moot. ECF No. 20.

On February 24, 2021, Defendant filed the instant motion to dismiss, ECF No. 21 ("Mot."), and a request for judicial notice, ECF No. 21-1. On March 10, 2021, Plaintiff filed an opposition. ECF No. 23. On March 17, 2021, Defendant filed a reply, ECF No. 23, and an additional request for judicial notice, ECF No. 23-1.

3
Case No. 20-CV-08219-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Defendant requests judicial notice of (1) a list of the approximately 398 cases that Plaintiff has filed in California federal and state courts according to PACER; (2) public webpages on Defendant's website that are referenced in Plaintiff's complaint; (3) a copy of public webpages on Defendant's website as they appeared on October 22, 2020, archived by the Internet Archive's Wayback machine; and (4) copies of court filings in other district court cases. ECF Nos. 21-1, 23-1. Plaintiff does not oppose Defendant's request.

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, courts may consider materials referenced in the complaint under the incorporation by reference doctrine, even if a plaintiff failed to attach those materials to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Public records and documents on publicly available websites are proper subjects of judicial notice. *See, e.g.*, *Calhoun v. Google LLC*, --- F. Supp. 3d ---, 2021 WL 1056532, at *5 (N.D. Cal. Mar. 17, 2021) (collecting cases and taking judicial notice of public records and publicly available websites); *Brown v. Google LLC*, --- F. Supp. 3d ---, 2021 WL 949372, at *5 (N.D. Cal. Mar. 12, 2021) (taking judicial notice of publicly available websites, including publicly available websites archived using the Internet Archive's Wayback Machine). Accordingly, the Court GRANTS Defendant's request for judicial notice.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction. Although lack of "statutory standing" requires dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *See Nw. Requirements Utilities v. F.E.R.C.*, 798 F.3d 796, 808 (9th Cir. 2015) ("Unlike Article III standing, however, 'statutory standing' does not implicate our subject-matter jurisdiction." (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014))); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

A Rule 12(b)(1) jurisdictional attack may be factual or facial. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving such an attack, unlike with a motion to dismiss under Rule 12(b)(6), a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* Moreover, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

"In a facial attack," on the other hand, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

**B. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s]

5

Case No. 20-CV-08219-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### C. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Defendant makes four arguments in the instant motion. First, Defendant contends that the

instant case should be dismissed because Plaintiff failed to timely file the First Amended Complaint. Second, Defendant asserts that Plaintiff fails to state a claim under the Americans with Disabilities Act ("ADA") or Unruh Civil Rights Act ("UCRA"). Third, Defendant contends that Plaintiff lacks standing. Fourth, Defendant asserts that the Court should decline supplemental jurisdiction over Plaintiff's UCRA claim.

The Court agrees with Defendant that the instant case is subject to dismissal for two independent reasons. First, Plaintiff failed to timely file the First Amended Complaint. Second, Plaintiff fails to state a claim under the ADA or UCRA. Because the Court concludes that the instant case is subject to dismissal for these two reasons, the Court need not reach Defendant's arguments that Plaintiff lacks standing and that the Court should decline supplemental jurisdiction over Plaintiff's UCRA claim.

**A. Plaintiff failed to timely file the First Amended Complaint.**

On November 23, 2020, Plaintiff filed a Complaint in the instant case. ECF No. 1. On January 19, 2021, Defendant filed a motion to dismiss Plaintiff's complaint, ECF No. 14, and a request for judicial notice, ECF No. 15. Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may file an amended complaint as a matter of course 21 days after service of a motion under Federal Rule of Civil Procedure 12(b). Fed. R. Civ. P. 15(a)(1)(B). Accordingly, Plaintiff had until February 9, 2021 to file an amended complaint. However, Plaintiff—who is represented by Potter Handy, LLP—did not file the First Amended Complaint until February 10, 2021. ECF No. 18. Because the First Amended Complaint was not timely filed, the Court GRANTS Defendant's motion to dismiss Plaintiff's First Amended Complaint. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). The Court next analyzes whether Plaintiff has failed to state a claim under the ADA or UCRA, which provides independent grounds for dismissal and sheds light on whether the Court should grant leave to amend.

**B. Plaintiff fails to state a claim under the ADA or UCRA.**

Defendant contends that Plaintiff has failed to state a claim because Defendant's website

7

does not violate the ADA's Reservations Rule. The Court agrees with Defendant.

The ADA's Reservation Rule requires that a hotel "[i]dentify and describe accessible features . . . to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 42 C.F.R. § 36.302(e)(1)(ii). The Department of Justice ("DOJ") has issued guidance regarding the Reservations Rule, which states that the "reservations system is not intended to be an accessibility survey." *See* 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" ("DOJ Guidance"). The DOJ Guidance provides that "[f]or hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible" and to provide basic information about each room. *Id.* The DOJ Guidance further states that "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information," and at that point, staff "should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (*e.g.*, bathtub bench)."

Plaintiff refers to the DOJ Guidance as "musings by the DOJ." Opp'n at 5. However, the Ninth Circuit has repeatedly held that "[t]he DOJ's interpretation of its ADA implementing regulations is entitled to 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) (quotation omitted); *see also Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015) (concluding that DOJ Guidance was entitled to substantial deference in an ADA case); *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1028 (9th Cir. 2008) (holding, in a case involving ADA regulations, that "the Justice Department's interpretation of its own regulations . . . must also be given substantial deference and will be disregarded only if 'plainly erroneous or inconsistent with the regulation'") (quotation omitted). In the instant case, Plaintiff does not contend that the DOJ Guidance is plainly erroneous or inconsistent with the regulation. Accordingly, the DOJ Guidance is entitled to substantial deference. *Kohler*, 782 F.3d at 1069.

Plaintiff contends that the Reservations Rule requires the hotel's website to provide

8

additional details about the accessibility of the hotel's features, including measurements regarding the door, the sink, the bed, and the toilet. However, Plaintiff fails to cite a single case supporting his position.

By contrast, courts have found that the Reservations Rule is not intended to require an accessibility survey and that the Reservations Rule does not require a hotel to include all potentially relevant accessibility information on its website. For example, the following courts have dismissed with prejudice claims similar to those brought by Plaintiff:

- *Arroyo v. Huskies Owner LLC*, No. 21-CV-01016-JCS, 2021 WL 2711736, at *7 (N.D. Cal. July 1, 2021) (dismissing similar claims brought by Plaintiff with prejudice and noting that "the overwhelming majority of recent district court decisions in this circuit have rejected claims similar to those presented here")

- *Arroyo v. Ashford Newark LP*, No. 21-CV-00215-JCS, 2021 WL 2711732, at *10 (N.D. Cal. July 1, 2021) (dismissing similar claims brought by Plaintiff with prejudice)

- *Love v. Royal Pacific Motel*, No. 20-CV-07308-JCS, 2021 WL 2711731, at *9 (N.D. Cal. July 1, 2021) (dismissing similar claims with prejudice)

- *Love v. Handlery Hotels, Inc.*, No. 21-CV-00850-TSH, 2021 WL 2531090, at *8 (N.D. Cal. June 21, 2021) (dismissing similar claims with prejudice and noting that a consent decree in a DOJ enforcement action was consistent with the DOJ Guidance)

- *Rios v. Leadwell Global Property LLC*, No. 21-CV-00267-PJH, 2021 WL 2207408, at *5 (N.D. Cal. June 1, 2021) (dismissing similar claims without leave to amend)

- *Whitaker v. Cesano, Inc.*, No. 21-CV-01018-MMC, 2021 WL 1947539, at *5 (N.D. Cal. May 14, 2021) (dismissing similar claims brought by Potter Handy LLP without leave to amend)

- *Love v. CCMH Fisherman's Wharf LLC*, No. 20-CV-07131-JCS, 2021 WL 1734924, at *9 (N.D. Cal. May 3, 2021) (dismissing similar claims with prejudice)

- *Whitaker v. KK LLC*, No. 20-CV-06877-MMC, 2021 WL 1700228, at *5 (N.D. Cal. Apr. 29, 2021) (dismissing similar claims brought by Potter Handy LLP with prejudice)

- *Love v. Ashford San Francisco II LP*, No. 20-CV-8458-EMC, 2021 WL 1428372, at *4 (N.D. Cal. Apr. 15, 2021) (dismissing a nearly identical complaint filed by Potter Handy LLP with prejudice and noting that "every district court in this circuit has held that a hotel's website complies with the Reservations Rule and the 2010 [DOJ] Guidance if it provides similar information to what was provided here")

9
Case No. 20-CV-08219-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

- *Arroyo v. Dorcich Farms, LLC*, No. 20-CV-08216-LHK, 2021 WL 1375774, at *2 (N.D. Cal. Apr. 12, 2021) (dismissing similar claims brought by Plaintiff with prejudice because a website that detailed the accessibility of common areas and guestrooms complied with the Reservations Rule)

- *Love v. Wildcats Owner LLC*, No. 20-CV-08913-DMR, --- F. Supp. 3d ---, 2021 WL 1253739, at *9 (N.D. Cal. Apr. 5, 2021) (dismissing similar claims with prejudice and concluding that hotels need not disclose the same door, bed, sink, and shower information requested by Plaintiff because the ADA already sets standards as to doors, beds, sinks, and showers, and Plaintiff is essentially asking hotels to confirm their compliance with ADA standards)

- *Arroyo v. AJU II Silicon Valley, LLC*, No. 20-CV-08218-JSW (N.D. Cal. Mar. 16, 2021), ECF No. 24 at 4–5 (granting motion to dismiss similar complaint filed by Plaintiff with prejudice and concluding that a website that listed accessible common areas and provided information about guest room accessibility complied with the Reservations Rule)

- *Love v. Marriott Hotel Servs., Inc.*, No. 20-CV-07137-TSH, 2021 WL 810252, at *5–8 (N.D. Cal. Mar. 3, 2021) (dismissing case brought under Reservations Rule with prejudice as legally futile where hotel's website specified accessible features of hotel room and accessible common spaces)

- *Garcia v. Gateway Hotel L.P.*, No. 20-CV-10752-PA, 2021 WL 936176, at *4 (C.D. Cal. Feb. 25, 2021) (dismissing case brought under Reservations Rule with prejudice where hotel's website "provides Plaintiff notice that it has accessible rooms")

- *Arroyo v. JWMFE Anaheim*, LLC, No. 21-CV-00014-CJC, 2021 WL 936018, at *2–3 (C.D. Cal. Feb. 16, 2021) (dismissing a similar complaint filed by Plaintiff with prejudice because a website which listed common areas as wheelchair accessible and provided details on accessibility features in guest rooms "more than satisfies Defendant's obligation under [the Reservations Rule]").

- *Rutherford v. Evans Hotels, LLC*, 2020 WL 5257868, at *17 (S.D. Cal. Sept. 3, 2020) (dismissing similar claims with prejudice because "Plaintiffs' contention that '[c]ommon sense dictates that conclusorily stating that its rooms are 'accessible' is not enough detail for Plaintiffs to assess whether a hotel or guest room meets their particular accessibility needs,' is dubious [in light of the DOJ Guidance].")

- *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *20 (C.D. Cal. Jan. 22, 2020) (dismissing claims with prejudice because "websites need not include all potentially relevant accessibility information"), *aff'd*, 829 F. App'x 783 (9th Cir. Nov. 17, 2020)

Moreover, even where a defendant brought a motion for summary judgment instead of a motion to dismiss, summary judgment has been granted in favor of the defendant where Potter

10
Case No. 20-CV-08219-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Handy LLP brought a similar claim regarding the Reservations Rule. *See Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409, 2017 WL 635474, at *1 (N.D. Cal. Feb. 16, 2017) (granting summary judgment to defendant where Potter Handy LLP brought a similar claim based on the plaintiff's alleged inability to make an independent assessment of whether the hotel's features would meet the plaintiff's needs). Furthermore, in *Love v. Wildcats Owner LLC*, the court noted that the information requested by the plaintiff was redundant and unnecessary because the specifications the plaintiff requested are required by the ADA, and hotels are already required to state if they do not comply with the ADA. 2021 WL 1253739, at *9.

Like the websites that other courts have considered, Defendant's website labels hotel areas as accessible and details the accessibility features of the hotel's rooms. *See* ECF No. 27-1 Exh. 3 (listing accessibility features of the hotel's rooms, including emergency strobe light and strobe light smoke detector; cordless phone; closed-captioned TV; wide doors; lowered thermostat and light switches; lowered peephole and door latch; and accessible bathroom); *id.* (listing common hotel areas that are accessible and common hotel areas that have accessible routes from the accessible public entrance). Thus, Defendant's website "reasonably permit[s] individuals with disabilities to assess" the accessibility of Defendant's hotel and guest rooms. 28 C.F.R. § 36.302(e)(1)(ii). Accordingly, the Court concludes that Plaintiff has failed to state a claim under the ADA's Reservations Rule.

Second, Plaintiff's Unruh Civil Rights Act claim must be dismissed because it is dependent on Plaintiff's ADA claim. Where Plaintiff has failed to plead an ADA violation, an "ADA-predicated . . . Unruh Civil Rights Act claim[] fails as a matter of law." *See, e.g.*, *Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015); *Zamora v. Wendy's Int'l*, LLC, No. 19-CV-06133-LHK, 2020 WL 3469331, at *7 (N.D. Cal. June 25, 2020) (holding same).

In sum, Plaintiff failed to timely file the First Amended Complaint and has failed to state a claim for violations of the ADA or Unruh Civil Rights Act. Moreover, as demonstrated above, amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Accordingly, the Court GRANTS Defendant's motion to dismiss the First Amended

11

Complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with prejudice. The Court also DENIES as moot Defendant's administrative motion to exempt the instant case from General Order 56, ECF No. 27.

**IT IS SO ORDERED.**

Dated: July 7, 2021

_____
LUCY H. KOH
United States District Judge